966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jimmy MELVIN, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kenneth Warren ALLISON, Defendant-Appellant.
 Nos. 91-5326, 91-5360.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 10, 1992
Decided: June 3, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge; Claude M. Hilton, District Judge. (CR-90-446-A)
 Argued: Jonathan Shapiro, Jonathan Shapiro & Associates, P.C., Alexandria, Virginia, for Appellant Allison;
 Sa'ad ElAmin, El-Amin & Crawford, Richmond, Virginia, for Appellant Melvin.
 Bernard J. Apperson, III, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and HAMILTON, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Jimmy Melvin challenges the district court's refusal to allow him to withdraw his guilty plea after he pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Appellant Kenneth Allison challenges on numerous grounds his conviction and sentence on various counts emanating from this drug conspiracy. Finding no merit to the claims asserted by the appellants, we affirm.
 
 
 2
 * Allison was the leader of a conspiracy that distributed cocaine in Fauquier County, Virginia from 1980 until late 1990. From June 1986 until latter part of 1990, Melvin, as a member of the conspiracy, received cocaine from Allison for redistribution. Allison employed a residence in Marshall, Virginia and one in Washington, Virginia for the preparation of cocaine for resale, and directed certain coconspirators to purchase items for the storage of the cocaine as well as directing them to make cocaine deliveries.
 
 
 3
 On February 7, 1991, a grand jury in the Eastern District of Virginia returned a superseding indictment containing thirty-two counts against Melvin, Allison and numerous other defendants. All of the defendants were charged in count one with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Allison was also charged: in count two with conducting a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848; in counts three and four with using a firearm in the commission of a drug trafficking crime in violation 18 U.S.C. § 924(c); in counts five and six with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in count eight with possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1); in counts thirteen and nineteen with inducing a person under the age of eighteen to violate the narcotics laws in violation of 21 U.S.C. § 845b(a); and in counts twenty-four through thirty-two of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).
 
 
 4
 On February 27, 1991, Melvin pleaded guilty to count one after consulting with his court-appointed attorney on numerous occasions. He also received a lengthy Rule 11 hearing. Following the entry of the plea, but prior to sentencing, Melvin appeared with retained counsel and moved to withdraw his guilty plea. The district court denied Melvin's motion, and he appeals.
 
 
 5
 Allison's jury trial began on April 29, 1991. On that day, Allison entered guilty pleas on counts five and six (possession of a firearm by a convicted felon), and the government dismissed counts eight (distribution of cocaine) and nineteen (inducing a person under the age of eighteen to violate the narcotics laws). At the conclusion of the government's case, the district court granted Allison's Fed. R. Crim. Proc. 29 motion on the CCE count. At that time, Allison also pleaded guilty to the conspiracy count and allowed counts three, four, thirteen, and twenty-four through thirty-two to go to the jury. The jury convicted Allison of the money laundering charges, but acquitted him of the remaining counts submitted to the jury.
 
 
 6
 The district court set Allison's base offense level on the lead count (conspiracy) at 34 pursuant to U.S.S.G. § 2D1.1(c)(5). The district court upwardly adjusted the base offense level two points for possession of a firearm during the commission of a drug trafficking crime pursuant to U.S.S.G. § 2D1.1(b)(1), four points for his leadership role pursuant to U.S.S.G. § 3B1.1(a), and two points for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Concluding that Allison had a criminal history of two and a base offense level of 42, the district court sentenced Allison to 360 months. Allison noted a timely appeal.
 
 II
 
 7
 Melvin's sole contention on appeal is that the district court abused its discretion in refusing to allow him to withdraw his guilty plea. The issue here is whether Melvin's trial counsel's performance "fell below an objective standard of reasonableness" and"but for" that fact, whether Melvin would have probably demanded a trial. See United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989). After careful review of the record, including a lengthy Rule 11 plea colloquy, we conclude there was no abuse of discretion. Melvin admitted his guilt in open court through his plea and statement of facts made part of the record. Prior to the plea, Melvin was astute to point out that the statement of facts was incorrect and needed to be changed after reviewing them with counsel. The tactic to plead guilty and receive a reduced sentence employed by Melvin's court-appointed counsel was not inimical to Melvin's interest. In fact, the co-conspirators that pleaded guilty and provided assistance received sentence reductions after the government moved for a reduction of sentence. This case is more akin to those cases that involve a tactical decision of counsel rather than a flagrant misinformed judgment that would render counsel ineffective, and therefore, we perceive no abuse of discretion. See Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).
 
 III
 
 8
 Allison challenges his sentence on numerous grounds, and we shall address each in turn. Allison first argues that the district court's determination that he was an organizer or leader of a criminal activity was clearly erroneous because his acquittal on the CCE count prohibits a four-point enhancement under U.S.S.G. § 3B1.1(a). On this point, we find helpful the decision in United States v. Haynes, 881 F.2d 586 (8th Cir. 1989).
 
 
 9
 In Haynes, the defendant alleged that because he was acquitted on the CCE count, the government was collaterally estopped from litigating his participation in a CCE in order to obtain a higher sentence. In rejecting this argument, the court observed:
 
 
 10
 There are five elements which must be proved in order to convict a defendant of engaging in a CCE. See 21 U.S.C. § 848. Two of those elements-that the defendant's conduct must constitute a felony violation of the narcotics laws, 21 U.S.C. § 848(c)(1), and that the defendant must undertake the activity in concert with five or more persons, 21 U.S.C. § 848(c)(2)(A), overlap with, but are not exactly the same as, the two elements which the sentencing judge must find in order to warrant a four-part upward adjustment for defendant's role in the offense.
 
 
 11
 Id. at 591 (citation omitted). Thus, the district court was free to consider the conduct surrounding the alleged CCE, along with other "relevant conduct" under U.S.S.G. § 1B1.3, in determining whether an upward adjustment was appropriate. Our review of this finding leads us to the inescapable conclusion that it was not clearly erroneous.
 
 
 12
 Allison avers that his acquittal on counts three and four (§ 924(c) charges) bars a two-level enhancement under § 2D1.1(b)(1) of the Guidelines. The law of this circuit has categorically rejected this argument. See United States v. Johnson, 943 F.2d 383, 386 (4th Cir.) (holding that the district court could consider facts surrounding weapons possession despite an acquittal in determining whether an enhancement under § 2D1.1(b)(1) was appropriate), cert. denied, 112 S.Ct. 667 (1991); United States v. Isom, 886 F.2d 736 (4th Cir. 1989) (district court could consider facts despite acquittal). Thus, the district court was free to consider the evidence that Allison"possessed" a firearm despite the acquittals on the two § 924(c) counts.
 
 
 13
 Allison also challenges the sufficiency of the evidence to support the enhancement under § 2D1.1(b)(1). An enhancement under this section is appropriate if the defendant "possessed" the weapon in connection with the commission of a drug offense. U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. (Commentary n.3). The testimony, from a whole litany of sources, established that at times Allison either possessed a weapon during a drug transaction or kept them at residences where drugs were stored and distributed, and therefore, the district court properly applied a two-point enhancement. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990).
 
 
 14
 Allison also argues that he should not have received a two-point enhancement for obstruction of justice. See U.S.S.G. § 3C1.1. The evidence clearly establishes that Allison attempted to coerce William Jackson into lying about his drug involvement before the grand jury and to influence the testimony of a co-conspirator, Henry Payne. Attempts to influence witnesses into lying or altering their testimony warrant an enhancement under U.S.S.G. § 3C1.1. See United States v. Cherif, 943 F.2d 692, 703 (7th Cir. 1991). Thus, the district court's finding that Allison obstructed justice is not clearly erroneous.
 
 
 15
 Allison next contends that the district court did not make adequate findings with respect to its denial of a two-point reduction for acceptance of responsibility. The district court stated that it had reviewed the parties' lengthy submissions on the issue and asked whether counsel had anything to add. Neither Allison nor the government offered additional proof on the issue. The district court then adopted the findings of the Presentence Report. We believe the district court adequately considered, but overruled appellant's objection to the Probation Office's recommendation of no two-point reduction for acceptance of responsibility. Because there is sufficient evidence in the record to support a denial of a two-point reduction for acceptance of responsibility, the district court's finding cannot be construed as clearly erroneous.
 
 
 16
 We also find no merit to Allison's argument that he did not have an adequate opportunity to contest the validity of the Guidelines calculations. Nor do we find merit to Allison's allegation that there was insufficient evidence to sustain his money laundering convictions. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Accordingly, the convictions and sentences of both defendants are affirmed.
 
 AFFIRMED